UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODOLFO ANTONIO LOPEZ, JR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-40-JD-MGG |
| ARAMARK, et al., | |
| Defendants. | |

OPINION AND ORDER

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, filed a complaint against Aramark, the Indiana Department of Correction, the State of Indiana, the Governor of Indiana, and the Director of the National Security Agency alleging they have criminally conspired to endanger his life. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully

pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his complaint, Lopez alleges that, on April 29, 2019, the Indiana Department of Correction jeopardized his health and safety by "conspiring to injure, put at risk, [and] endanger [his life]" by knowingly disregarding prison policies and procedures in the D2 West dorm at the Westville Correctional Facility. (ECF 1 at 1.) Here, he claims that the Department of Correction, the State of Indiana, and the Governor of Indiana are responsible for the health and welfare of prisoners in the State of Indiana. (*Id*.) Lopez next contends that the Director of the National Security Agency ("NSA") has been "conducting, overseeing, influencing, manipulating, and operating a criminal conspiracy involving all defendant[s]" in this case. (*Id*.) He further asserts that the NSA Director has "concocted, planned, and operated a criminal conspiracy against [him] and knowingly and intentionally commit[ed] acts to physically harm [him] that ha[ve] existed from at least 2004 under [the] sub-direct leadership [of] Michael D. Lumpkin of the United States Navy." (*Id*. at 2.)

Lopez further asserts that, on December 25, 2019, the Indiana Department of Correction "partook in a conspiracy to place an unknown substance (prescription or illicit drug) into [his] state provided food . . . . which caused [him to have] a 2.5 times increase [in his] heart rate." (*Id*. at 2.) However, he claims that the Indiana Department of Correction failed to investigate the incident noting there was not enough information to warrant an investigation even though a medical report and grievance had been filed about the incident. (*Id*.) Lopez also asserts that the defendants have "place[d] prisoners

in jeopardy by continuing to criminally conspire against [him]." (*Id.*) Additionally, he asserts that the NSA Director is involved in a "ponz[i] scheme to manipulate political control in favor of Department of Defense spending" and the Director was provided with "false executive authority by order of the President of the United States of America and Department of Defense leadership to carry out acts of criminal conspiracy with evil motive and evil intent against [him]." (*Id.*)

These allegations are sufficient to demonstrate the claims presented are meritless. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."). Therefore, this case will be dismissed.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile"). *See also Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). Such is the case here. Therefore, Lopez will not be permitted to file an amended complaint.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim. The clerk is DIRECTED to close the case.

SO ORDERED on April 30, 2020

                                         /s/JON E. DEGUILIO  
                                         JUDGE  
                                         UNITED STATES DISTRICT COURT